UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER RIST,                      Case No. 1:05-cv-492

       Plaintiff,                      Dlott, J.
                                      Black, M.J.
vs.

THE HARTFORD FINANCIAL
SERVICES GROUP,

       Defendant.


**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO REINSTATE CASE (Doc. 48) BE GRANTED**

On September 29, 2008, the Court adopted the Magistrate Judge's Report and Recommendation and ordered this case remanded to Hartford to complete the administrative process. (*See* Docs. 42, 46). Hartford has now denied the Plaintiff's claim for benefits, and this case is ripe for judicial review.

This civil action is now before the Court on Plaintiff's motion to reinstate this cause onto the Court's active docket (Doc. 48) and Hartford's responsive memorandum (Doc. 52).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I.

The Sixth Circuit has held that an order of remand is not a final appealable order. *Bowers v. Sheet Metal Workers Nat'l Pension Fund*, 365 F.3d 535, 537 (6th Cir. 2004). District courts in this circuit have suggested that the appropriate procedure following a post-remand administrative decision is to have that decision reviewed by the district court in the case in which remand was ordered. *See, e.g., Swiger v. Cont'l Cas. Co.*, 2008 U.S. Dist. LEXIS 36204 (E.D. Ky. May 2, 2008) ("After a new determination regarding Plaintiff's application for long-term disability benefits has been made by Defendant on remand, Plaintiff may challenge that determination upon motion to the Court if he so chooses."); *Herin v. Prudential Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 7279 (E.D. Tenn. Jan. 31, 2008) ("For the reasons stated herein, the present claim will be remanded to Prudential. The court will retain jurisdiction, and the case will be stayed pending Prudential's review and ultimate decision."); *Proffitt v. Group Long Term Disability Plan for Family Practice Ctr.*, 2007 U.S. Dist. LEXIS 70194 (E.D. Tenn. Sept. 12, 2007) ("The court will retain jurisdiction, and the case will be stayed pending Hartford's review and ultimate decision.").

## II.

Here, Hartford does not oppose Plaintiff's request to reopen this matter on the Court's docket. However, Hartford requests that the Court require Plaintiff to file an amended complaint that: (1) addresses this Court's prior holding that the state-law claims pled in Plaintiff's complaint are preempted by ERISA (*see* Docs. 42 & 46); and (2) names

the proper party defendant.[2]  The undersigned agrees.

Accordingly, for good cause shown, the undersigned finds that reinstatement for judicial review following remand in ERISA proceedings is the appropriate procedure in this case as outlined by the Sixth Circuit.

### III.

It is therefore **RECOMMENDED** that Plaintiff's motion to reinstate case (Doc. 48) be **GRANTED**, and this matter be returned to the Court's active docket.  It is further **RECOMMENDED** that Plaintiff be required to file an amended complaint consistent with the this Court's prior holdings and against the proper Defendant.


Date: March 2, 2010                             s/Timothy S. Black
                                                Timothy S. Black
                                                United States Magistrate Judge

---

[2] Hartford Life Group Insurance Company merged with Hartford Life and Accident Insurance Company.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER RIST,                                Case No. 1:05-cv-492

      Plaintiff,                                Dlott, J.
                                                 Black, M.J.
vs.

THE HARTFORD FINANCIAL
SERVICES GROUP,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).