UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF OHIO
WESTERN DIVISION

CHRISTOPHER RIST,
    Plaintiff,

vs.

THE HARTFORD LIFE AND
ACCIDENT INSURANCE CO., et al.,
    Defendants.

Civil Action No. 1:05-cv-492
Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff Christopher Rist's ("Rist") motion for an award of attorneys' fees and costs (Doc. 88), the opposition of defendants Hartford Life and Accident Insurance Company, Hartford Financial Services Group, Sovereign Specialty Chemicals Inc. Disability Income Plan, and Secretary of Labor[1] (Doc. 91), and Rist's reply. (Doc. 92). For the reasons stated herein, the Court recommends that plaintiff's motion be granted in part and denied in part.

## I. Procedural Background

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Rist filed the instant action after Hartford terminated his long-term disability benefits and waiver of premium benefits under the terms of his employer-sponsored plans finding that he did not meet Hartford's definition of disability beyond September 20, 2004. This Court determined that Hartford wrongfully terminated Rist's long-term disability benefits. The Court also found that Hartford's decision to terminate Rist's waiver of premium benefits under the life insurance policy was arbitrary and capricious. The undersigned recommended that Rist's motion for judgment on the administrative record be granted. (Doc. 78). On June 21, 2011, the District Judge adopted this Court's Report and Recommendation. (Doc. 86).

---
[1] All defendants will hereinafter be referred to as "Hartford."

Rist now seeks reasonable attorneys' fees in this action pursuant to 29 U.S.C. § 1132(g)(1) and Local Rule 54.2 in the amount of $92,560.00. Rist also requests an award of litigation expenses in the amount of $2,700.45. In support of the motion, Rist has submitted detailed time records, an itemization of litigation expenses (Doc. 88, Ex. A), and the affidavit of Rist's attorney William H. Blessing. (Doc. 88, Ex. B).

**II. Standard of Review**

Title 29 U.S.C. § 1132(g) confers broad discretion on a district court in making an award of attorneys' fees in an ERISA action:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). "Consequently, the decision of a district court to award attorney's fees under 29 U.S.C. § 1132(g)(1) will stand absent an abuse of discretion." *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). *See also Tiemeyer v. Cmty. Mut. Ins. Co.*, 8 F.3d 1094, 1101-02 (6th Cir. 1993).

While the statute does not explain what level of success a party must achieve to be entitled to attorneys' fees, the Supreme Court recently held that "a court in its discretion may award fees and costs to either party as long as the fee claimant has achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins.*, --- U.S. ---, 130 S.Ct. 2149, 2152 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)) (internal citations and quotations omitted). The *Hardt* Court further held that after the moving party has met the threshold criteria of proving "some success on the merits," courts are no longer required to, but may, consider the five-factor test historically applied in analyzing fee petitions. *Id.* at 2158. The five-factor test employed by the Fourth Circuit and considered by the Supreme Court in *Hardt*, is

identical to the *King* test followed by this Circuit. *Compare Hardt*, 130 S.Ct. at 2155, n.1 (quoting *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993)) (laying out Fourth Circuit test) and *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008) (laying out Sixth Circuit test). The *King* factors are:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

Post-*Hardt*, the district courts in the Sixth Circuit have mostly continued to apply the *King* factors, despite the non-mandatory nature of the exercise. *See, e.g., Niswonger v. PNC Bank Corp., et al.*, No. 3:10-cv-377, 2011 WL 4543929 (S.D. Ohio Sept. 29, 2011); *Potter v. SABIC Innovative Plastics US, LLC*, No. 2:10-cv-696, 2011 WL 4852334 (S.D. Ohio Oct. 13, 2011). Others have continued to apply the *King* factors without mentioning *Hardt*. *See, e.g., Jessen v. CIGNA Group Ins.*, No. 09-12280, 2011 WL 2618591 (E.D. Mich July 1, 2011). At least one court has adopted the Court's position in *Hardt*, that the factors are not required, and declined to apply the *King* factors in determining a motion for fees. *See, e.g., Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JCB, 2011 WL 1314888 (E.D. Ky. March 10, 2011).

Yet, the Sixth Circuit, in an unpublished post-*Hardt* decision, held that courts *must* consider the five factors in determining whether to award fees. *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 545 (6th Cir. 2011) ("This Circuit requires the awarding court to consider five factors as a part of its analysis in awarding fees[.]"). The *McKay* court noted that *Hardt's* threshold requirement of "some degree of success" was met and ultimately upheld the lower court's application of the *King* factors and affirmed the fee award. Although the Court of

3

Appeals did not address *Hardt's* unequivocal holding that applying the factors was no longer a requirement, it is clear that application of the *King* factors is still a valuable tool in this district when analyzing whether to grant a motion for attorneys' fees. *See Bowers v. Hartford Life and Accident Ins. Co.*, No. 2:09-cv-290, 2010 WL 4117515, at *1-5 (S.D. Ohio Oct. 19, 2010) (noting the *King* factors serve as a useful guide in determining whether to award fees post-*Hardt*).

Accordingly, while it is clear that *Hardt* controls, the *King* factors will be addressed in light of their ongoing influence in this district and their inclusion in Rist's briefing.

### III. Analysis of Fee Award

Whether plaintiff is eligible for fees and costs under § 1132(g)(1) is dependent on whether he "has achieved some degree of success on the merits." *Hardt*, 130 S.Ct. at 2158. Here, the Court finds that Rist has achieved the requisite "success on the merits." This Court reversed Hartford's decision to terminate both Rist's long-term disability benefits and waiver of premium benefits under the life insurance policy. (Docs. 78, 86). The Court remanded this matter for an award of benefits under both plans. (Doc 78, p. 52; Doc. 86).

In *Hardt*, the Supreme Court found that a remand for further consideration was sufficient to meet the threshold of "some success on the merits" where the lower court was inclined to grant plaintiff benefits, but declined in lieu of remand to correct procedural errors at the administrative level. *Hardt*, 130 S.Ct. at 2158-59. Here, the Court remanded for an award of benefits and Rist "achieved far more than trivial success on the merits or a purely procedural victory." *Id.* at 2159 (internal quotations omitted). Accordingly, Rist has met the § 1132(g)(1) threshold standard for attorneys' fees and costs.

Rist asserts that analysis of the *King* factors further supports an award of fees. The Court agrees. Regarding the first factor, the nonmoving party's culpability or bad faith, the Court noted that Hartford's determination to terminate Rist's benefits was based solely on a paper review and lacked substantive reasoning to support its conclusions. Further, Hartford engaged in questionable conduct in terminating Rist's benefits, such as ignoring the overwhelming majority of evidence that he was severely limited by his medical conditions; failing to explain why its disability decision differed from that of the Social Security Administration (SSA); and providing no reasonable basis for its determination that Rist's condition had significantly improved. Further, the Court notes that Hartford had a conflict of interest, as Hartford both determined eligibility for and paid the benefits.[2] This conduct rises above "honest mistakes" and supports a finding that Hartford is, to some degree, culpable in its failure to properly consider the evidence. *See Friley v. UNUM Provident*, No. 1:03cv2589, 2006 WL 561852, at *2 (N.D. Ohio March 6, 2006) (failure to consider majority of medical evidence and deny benefits based solely on non-examining doctor indicates culpability supporting award of fees). Thus, the Court concludes that the first factor weighs in favor of an award of attorneys' fees.

The second factor, Hartford's ability to satisfy an award of fees, also weighs in favor of awarding fees. Notably, Hartford does not dispute its ability to pay the sought after attorneys' fees.

The third factor – the deterrent effect of an award on other persons under similar circumstances – also weighs in Rist's favor. The deterrent effect is significant in cases where the defendant's conduct was not just an "honest mistake," and there is some evidence of deliberate misconduct, such as improperly evaluating a plaintiff's medical record and failing to provide

---

[2] Such conflicts of interest are entitled to significant weight where, as here, an insurer ignores a finding of disability by the SSA and unreasonably relies on the medical opinion of a non-examining file reviewer. *See Holler v. Hartford Life and Acc. Ins. Co.*, 737 F. Supp.2d 883, 890 (S.D. Ohio 2010).

substantial bases for denying benefits. *See Niswonger*, 2011 WL 4543929, at *3. Here, similar to the defendant in *Niswonger*, Hartford relied on the opinion of its own non-examining physician and, without explanation, ignored the totality of the medical evidence which demonstrated Rist's ongoing disability. Awarding fees in this case serves to deter insurers from engaging in cursory claim reviews. *See Bowers*, 2010 WL 4117515, at *4 (citing *Moon v. Unum Provident Corp.*, 461 F.3d 639, 645 (6th Cir. 2006)).

With regard to the fourth factor, whether plaintiff's request sought to confer a common benefit or resolve significant legal questions, Rist filed this matter for his own benefit and was not seeking to confer a benefit on all plan participants. Further, Rist does not dispute that the lawsuit did not resolve significant legal questions.[3] Accordingly, this factor does not weigh in favor of an award of fees. *See Moon*, 461 F.3d at 645 (finding fourth factor did not weigh in favor of fee award where record did not demonstrate that plaintiff sought to confer common benefit or resolve significant legal issues).

The fifth and final factor concerns the relative merits of the parties' positions. Here, for purposes of the attorneys' fee motion, Hartford does not challenge Rist's position or the Court's ruling with regard to the inadequacy of Hartford's review of Rist's claim or its determination that he was not disabled. The Court found that Hartford "failed to offer any reasoned explanation for concluding that plaintiff's medical condition had significantly improved such that he was no longer disabled, contrary to the clear and explicit findings of his treating doctors and the Social Security Administration." (Doc. 78, p. 52). Further, the Court reinstated Rist's benefits. Thus, this factor weighs in favor of awarding attorneys' fees. *Niswonger*, 2011 WL 4543929, at *3.

---

[3] Rist contends that an award of benefits, by creating a disincentive to Hartford's conduct, *could* benefit other plan participants. However, this argument is speculative and the record does not demonstrate that Rist intended to confer benefits on anyone other than himself.

Though no single factor examined above is dispositive, they do inform the Court's discretion. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). Four of the five factors weigh in favor of awarding fees. In light of Rist achieving "some degree of success" on the merits and in consideration of the *King* factors, the Court recommends that he be awarded reasonable attorneys' fees and litigation expenses.

### IV. Reasonableness of Fees

The Sixth Circuit requires a district court to apply the "lodestar" method in calculating an appropriate fee award. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This is calculated by "multiplying the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[W]hen . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Counsel for Clean Air*, 478 U.S. 546, 564 (1986) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)) (internal quotations omitted).

Rist seeks a total of $92,560.00 in attorneys' fees for work done from June 2005 to July 2011, as well as costs in the amount of $2,700.45. (Doc. 88, Ex. A). Hartford does not entirely oppose the fee petition. However, Hartford asserts that certain amounts sought are unreasonable as: (1) Rist is not entitled to any fees or costs for the initial phase of litigation; (2) the time spent on briefing for the recoverable portion of the litigation was excessive; (3) the time billed for work performed during the administrative proceedings is not recoverable; and (4) the time spent preparing the fee petition should be reduced.[4] The Court will address each argument in turn.

---

[4] Hartford does not contest any other portions of the fee petition.

7

Hartford's first challenge to the fee petition is that Rist may not recover any fees or costs prior to September 29, 2008, the date this Court granted Hartford's motion to dismiss the complaint and remanded the case to require Rist to exhaust his administrative remedies.[5] Hartford argues that the first portion of the litigation, from July 21, 2005 to September 29, 2008 ("*Rist I*"), was decided in favor of Hartford and did not involve any ERISA claims; accordingly, Hartford asserts that Rist should not recover any fees or costs associated with *Rist I*.[6]

Rist argues that an award of fees is appropriate for the work done on *Rist I* as the legal determinations made in *Rist I* were crucial to *Rist II* with regard to whether plaintiff's claims were covered by ERISA and, further, the outcome of *Rist I* was essential to Rist's ultimate success on the merits. In support of this interpretation, Rist cites to *Pemberton v. Reliance Std. Life Ins. Co.*, No. 08-86-JBC, 2011 WL 882835, at *2 (E.D. Ky. Mar. 10, 2011). In *Pemberton*, the plaintiff filed suit in state court without asserting an ERISA claim and the litigation was removed to federal court. *Id.* at *2. The *Pemberton* court remanded the case, pursuant to plaintiff's motion, on the basis that the defendant insurer had acted arbitrarily and capriciously in denying benefits. *Id.* Upon remand, the insurer reversed its prior decision and granted benefits. *Id.* In determining to award plaintiff's attorneys' fees for the pre-remand portion of the litigation, the Court specified that it was "awarding fees because [the plaintiff] realized a gain as a result of the remand," and not merely because he obtained a remand. *Id.*

Here, on the other hand, the Court remanded the matter not because of some deficiency in Hartford's review, but because plaintiff failed to exhaust his administrative remedies prior to

---

[5] Rist initiated this action on July 7, 2005 by filing a complaint in the Hamilton County Court of Common Pleas against Hartford alleging various contractual claims. (Doc. 1). The matter was removed to this Court on July 21, 2005 by Hartford. *Id.* On September 29, 2008, the Court granted Hartford's motion to dismiss and remanded the case for completion of the administrative review process. (Doc. 46). In December 2009, Rist moved to reopen the case after Hartford denied him benefits (Doc. 48) and the litigation was reopened in March 2010. (Doc. 54).

[6] The portion of the litigation subsequent to the filing of Rist's motion to reopen the case, from September 28, 2009 to present, is hereinafter referred to as "*Rist II*."

8

filing suit. (Doc. 42, p. 15; Doc. 46). Further, plaintiff realized no gain from the remand as Hartford denied his benefits. (Doc. 48, p. 1). Accordingly, the rationale enunciated by the *Pemberton* court does not apply.[7]

"The court must evaluate the reasonableness of the proposed award in light of the overall relief that [Rist] obtained." *Pemberton*, 2011 WL 882835, at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Here, plaintiff initially filed his litigation in state court, raising only state law claims, and Hartford successfully had it removed to this Court. (Doc. 1). Plaintiff then unsuccessfully defended Hartford's motion for summary judgment, asserting that ERISA law did not govern the instant insurance policy and that plaintiff had not failed to exhaust his administrative remedies. (Doc. 25, p. 12). This Court found in favor of Hartford and determined that plaintiff's state law claims were preempted by ERISA and, further, dismissed and remanded plaintiff's case for his failure to exhaust his administrative remedies. (Doc. 42, p. 15; Doc. 46). On remand, plaintiff achieved no success as Hartford denied his benefits. (Doc. 48, p. 1). Subsequently, plaintiff filed a successful motion to re-open his case (Doc. 48, Dec. 28, 2009) and, ultimately, was successful on the merits of his ERISA claim. Accordingly, the Court finds that plaintiff is entitled to reasonable attorneys' fees and costs[8] from December 2009.

Hartford's second argument is that the time spent by Rist's attorneys briefing the pre-hearing motions was excessive and should be reduced, at a minimum, by half. Hartford asserts

---

[7] Plaintiff has not cited, nor is the Court aware of, any authority where a plaintiff has successfully petitioned for attorneys' fees for pre-remand litigation where the remand was the result of a plaintiff's failure to exhaust his administrative remedies. Pre-remand attorneys' fees are generally awarded where the remand is due to some failure of the insurer to provide a fair review or follow proper procedures. *See McKay*, 654 F. Supp.2d 731 (awarding plaintiff's attorneys' fees where remand directed insurer to engage in full and fair review of plaintiff's claims); *Soltysiak v. Unum Provident Corp.*, 480 F. Supp. 2d 970 (W.D. Mich. 2007) (plaintiff's attorneys' fees awarded where plaintiff obtained reversal of prior denial of benefits subsequent to court's remand for full and fair review). *See also Erhold v. MBNA Corp.*, No. 05cv2147, 2006 WL 561856, at *3 (N.D. Ohio Mar. 7, 2006) (granting defendant-insurer's attorneys' fees request in ERISA action where plaintiff pursued a lawsuit despite failing to exhaust administrative remedies).

[8] Plaintiff's costs as of December 2009 to the conclusion of the litigation total $618.01. (Doc. 88, Ex. A, p. 10).

that the briefs were routine and the work could have been performed by an attorney, other than William H. Blessing[9], with a lower billing rate. Rist replies that the work done preparing and drafting briefs was reasonable in light of the extensive administrative record, the length of the briefs, and the complexity of the issues. Further, Rist asserts that the fee petition does not include all attorney work done in litigating this matter and does not include any duplicative or unnecessary work.

There is a "strong presumption" that the lodestar represents a reasonable fee. *Delaware Valley*, 478 U.S. at 565. However, pertinent circumstances may warrant an adjustment of the fee either upward or downward. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401-02 (6th Cir. 1995). The Sixth Circuit has applied the following twelve factors in determining the reasonableness of a request for attorneys' fees:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002).

Hartford argues that the 97.7 hours spent on preparing Rist's pre-hearing briefs was excessive and unreasonable as the briefs were routine. Hartford also asserts that the time spent on the briefs was unreasonable in light of William Blessing's experience and hourly billing rate. Lastly, Hartford contends that Rist's attorneys failed to exercise billing judgment. However, Hartford does not identify any specific billing entry as excessive, nor does it assert that Rist is

---

[9] The requested billing rate for Rist's counsel is as follows: $350.00/hour for attorney William H. Blessing; $225.00/hour for attorney David S. Blessing; $200.00/hour for attorney Angela L. Wallace; and $80.00/hour for paralegal Michele K. Heckle. (Doc. 88, Ex. B, Affidavit of William H. Blessing).

10

seeking fees for duplicative, redundant or unnecessary work. *See Citizens for Cmty. Values, Inc. v. Upper Arlington Pub. Library Bd. of Trs.*, No. C-2-08-223, 2010 WL 1253892, at *7 (S.D. Ohio Mar. 24, 2010) (reduction of hours appropriate for unnecessary and redundant work); *Caudill v. Sears Transition Pay Plan*, No. 06-12866, 2011 WL 1595044, at *13 (E.D. Mich. Apr. 26, 2011) (court deducted specific billing entries identified by defendant as excessive, duplicative, and unnecessary). After reviewing the record, the Court finds that Rist's attorneys spent a reasonable amount of time researching and drafting the pre-hearing briefs. The medical and administrative records in this matter were extensive and the issues were complex in nature.[10] Rist has provided a detailed, itemized accounting of the time expended by counsel in preparing these briefs. Hartford's conclusory assertion that the hours expended were excessive, without more, fails to persuade the Court that the time spent researching and drafting the relevant motions in this matter was unreasonable. *See Imwalle*, 515 F.3d at 553 (citing *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991)).

Similarly unavailing is Hartford's argument that the work should have been done by a lesser experienced, and hence less expensive, attorney. Defendant has not cited, nor is the Court aware of, any authority requiring a litigant to use the services of lesser experienced counsel with lower billing rates to mitigate its expenses in a given case. In addition, the fact that the work was done by an attorney with 35 years of experience[11] supports the inference that the issues involved were complex. Therefore, this Court concludes that plaintiff's counsel reasonably billed the hours listed in researching and preparing the above motions.[12]

---

[10] This is evidenced by this Court's Report and Recommendation in excess of 50 pages. (Doc. 78).
[11] *See* (Doc. 88, Ex. B).
[12] Hartford does not challenge the billing rate sought by Rist's counsel; as such, the Court finds that the requested billing rates are reasonable. Further, these rates have previously been found reasonable in this District. *See Neiheisel v. AK Steel Corp.*, No. 1:06-cv-030, 2008 WL 163610 (S.D. Ohio Jan. 17, 2008) (approving William Blessing's rate of $350.00/hour).

Hartford's third argument is that time spent by Rist's counsel, Angela Wallace, between June 15, 2009 and October 2, 2009, should be deducted because this work represents work done during the administrative phase and is not recoverable under *Anderson v. P&G Co.*, 220 F.3d 449 (6th Cir. 2000). Hartford's contention is not wholly accurate. In *Anderson*, the plaintiff's attorney sought to recover fees for work done during the administrative proceedings *alone*. *Id*. at 450. The *Anderson* attorney was never required to litigate ERISA issues in federal court and, accordingly, the Sixth Circuit held, "[b]ecause [plaintiff] did not file a civil action for any of the reasons set forth in § 1132(a), but filed suit only to recover attorneys' fees for legal work performed during her administrative claims proceeding, we find that § 1132(g) does not permit her to recover her costs." *Id*. at 452. The *Anderson* court specifically acknowledged that, as opposed to pre-suit administrative proceedings, where an administrative proceeding occurs following a court's remand, fees may be awarded. *Id*. at 453 (citing *Sullivan v. Hudson*, 490 U.S. 877 (1989)). As such, the Court finds that as a general principle fees incurred during the administrative process are recoverable in some circumstances, but not in this case.

As stated above, plaintiff's case was remanded as a result of his failure to exhaust his administrative remedies. Plaintiff was unsuccessful in obtaining benefits until after he had the instant matter re-opened and litigated his ERISA claims. It would be inequitable to require Hartford to pay for fees and costs incurred during the administrative proceedings as these expenses were incurred by both parties due to plaintiff's initial failure to exhaust his administrative remedies. Further, the cases cited by plaintiff in support of an award of fees incurred during the administrative proceedings are inapposite. *See Delisle v. Sun Life Assur. Co. of Canada*, No. 06-11761, 2007 WL 4547884, at *1 (E.D. Mich. Dec. 19, 2007) (plaintiff had exhausted her administrative remedies); *Elliot v. Metro Life Ins.*, No. 04-174-DLB, 2007 WL

4192001, at *2 (E.D. Ky. Nov. 13, 2007) (case remanded with directions to insurer to undertake a full and fair review). *See also Ruth v. Comcast Corp.*, No. 3:04-cv-332, 2006 WL 2792179, at *3 (S.D. Ohio Sept. 26, 2006) (awarding attorneys' fees for administrative phase and noting, "this is not a case where litigation was stayed to allow a Plaintiff to exhaust her administrative remedies[;] it is a case where Plaintiff agreed to stay the case and repeat the administrative process so as to allow the litigation to proceed."). Accordingly, the Court determines that plaintiff is not entitled to attorneys' fees and costs for work done during the administrative proceedings.

Hartford's final argument is that the fees sought for work on the fee petition must be reduced because it exceeds 3% of the total hours expended in the main case. The Sixth Circuit generally limits "fees for fees" recovery to "three percent of the hours in the main case which is decided without trial." *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 229 (6th Cir. 2005) (citing *Coulter v. Tennessee*, 805 F.2d 146, 151, 152 (6th Cir. 1986)); *see also Gonter v. Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007) (same). "In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted in the papers without a trial[.]" *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) (analyzing attorney fee request in civil rights case under Title VII). The 3% rule is a "practical rule of thumb" meant "to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation." *Coulter*, 805 F.2d at 151.

The district courts within the Sixth Circuit which have declined to limit fee petition hours to 3% have done so for several reasons: when the majority of attorneys' work occurs at the administrative level for which reimbursement is unavailable or which must be obtained through

new litigation, *Klein v. Central States, Southeast and Southwest Areas Health and Welfare Plan*, 621 F. Supp.2d 537, 545 (N.D. Ohio 2009) (ERISA case); when the defendant took a "less than moderate position" which increased the fee litigation, *Gross v. Perrysburg Exempted Village Sch. Dist.*, 306 F. Supp.2d 726, 742-43 (N.D. Ohio 2004) (Individuals with Disabilities Education Act [IDEA] case); or when the case was particularly complex. *West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 657 F. Supp.2d 914, 931 (S.D. Ohio 2009) (ERISA class action case). The undersigned finds particularly persuasive the court's rationale in *Klein*, where on a matter of first impression the court held that the portion of time spent preparing the ERISA fee petition was not limited to 3% of the hours spent litigating the merits:

> The issue here is whether plaintiff may recover for more than 3% of the hours spent litigating the merits for time spent preparing the fee petition. Absent "unusual circumstances," compensable hours spent preparing a fee petition may not exceed 3% of the hours spent on the main case. *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (considering attorney's fee petition in a civil rights case).
>
> The limitation from *Coulter*, however, does not apply to cases in which most of an attorney's work occurs in administrative proceedings, before the case reaches the district court. In *Gross v. Perrysburg Exempted Village School District*, 306 F. Supp.2d 726, 742 (N.D. Ohio 2004), this court found that IDEA cases presented "unusual circumstances" because the main case is "litigated at the administrative level, not in federal court." This court abandoned the *Coulter* limitation in this context because the 3% limit "disadvantages IDEA plaintiffs much more than it does civil rights plaintiffs." *Id.; see also Moore v. Crestwood Local Sch. Dist.*, 804 F. Supp. 960, 969-70 (N.D. Ohio 1992).
>
> Whether ERISA benefits claims are similarly exempt from the *Coulter* rule is an issue of first impression in this Circuit. As in IDEA cases, however, most of the work in ERISA cases occurs during the administrative proceedings. ERISA does not permit claimants to recover attorney fees for legal work performed during administrative proceedings regarding benefits. *Anderson v. Procter & Gamble, Co.*, 220 F.3d 449, 456 (6th Cir. 2000). The 3% *Coulter* limitation, therefore, creates a similar disadvantage for ERISA claimants as it does for IDEA plaintiffs. ERISA claims, therefore, also present "unusual circumstances" that make *Coulter* inapplicable.

*Klein*, 621 F. Supp.2d at 544-45.

This Court has determined that Rist's requested attorneys' fees, totaling 140.55 hours, is reasonable. Rist's expenditure of 12.1 hours on his fee petition represents approximately 8% of the hours spent litigating the merits, exceeding the 3% rule of thumb. Nevertheless, the complexity of the underlying matter, as noted above, and the absence of any evidence of protracted fee petition litigation justifies a departure from the 3% guideline in this matter and supports an increase in this percentage. The undersigned is also persuaded by the holding in *Klein* that a fee award in an ERISA action should not be reduced based on the 3% guideline. The 12.1 hours expended on the fee petition are reasonable and, accordingly, the Court declines to reduce the fee award in this regard.

Here, the total number of compensable hours, including time spent preparing the fee petition, is 152.65 hours. This represents 141.62 hours of work by William Blessing, 7.2 hours of work by Angela Wallace, and 3.83 hours of work by David Blessing since December 2009. The amount of attorneys' fees is as follows: for William Blessing, at a rate of $350.00/hour for 141.62 hours, $49,567.00; for Angela Wallace, at a rate of $200.00/hour for 7.2 hours, $1,440.00; and for David Blessing, at a rate of $225.00/hour for 3.83 hours, $861.75. Accordingly, the total amount of attorneys' fees that should be awarded is $51,868.75.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) Rist's Application for Award of Statutory Attorneys' Fees and Expenses be **GRANTED** in part and **DENIED** in part.

(2) Rist be awarded $51,868.75 in attorneys' fees and $618.01 in litigation expenses.

11/10/2011
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF OHIO
WESTERN DIVISION

CHRISTOPHER RIST,
Plaintiff,

vs.

THE HARTFORD LIFE AND
ACCIDENT INSURANCE CO., et al.,
Defendants.

Civil Action No. 1:05-cv-492
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).